## THOMAS v. CAMPBELL.

### No. 5322.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

A. J. Murff and D. H. Perkins, both of Shreveport, for appellant.

Coleman & Miazza, of Shreveport, for appellee.

DREW, Judge.

The lower court has stated the issues and found the facts in this case in a written opinion, which is as follows:

"This is a suit to reform a surface lease, dated January 3, 1936, between J. H. M. Thomas, the plaintiff, and Oscar O. Campbell.

"Following the discovery of oil at Rodessa, the plaintiff Thomas, in the fall of 1935, made plans to erect a building on a lot in Rodessa, which had a frontage of 50 feet and a length from the street to rearward of 60 feet. At the present time the building is occupied, being divided into three stores. The store on the north side is 20x60

and is occupied by Sam Goldman, who pays a monthly rental of $140.00. The second store is 15x60, and is occupied by Oscar O. Campbell, the defendant in this case, who pays therefor a rental of $100.00 per month. The third store is 15x60 and is occupied by the plaintiff himself, or his son.

"The building as originally planned was never built to completion. Originally, it was the plaintiff's plan to build a store for the defendant, Campbell, 15x40 feet. At the same time, plaintiff planned to build a building 15x60 for another tenant, by the name of Saer, who is the father-in-law of Sam Goldman. It appears that Saer was taking the lease for Goldman.

"Before the building was completed, Goldman decided that he needed a building 20x60 instead of 15x60. One lease was made by Thomas with Saer for a building with a frontage of fifteen feet and a depth of sixty feet; but at the rear Saer was to have that portion of the building at the rear of Campbell's store. In other words, the building was to be built 30x60, with a partition extending back forty feet, and all of the building in the rear of this forty feet was to be used by Saer or Goldman.

"As finally constructed, the building was, as stated in the second paragraph, 50x60 feet, divided into three stores, the first being occupied by Goldman, and being 20x60; the second by Campbell, 15x60; and the third by the plaintiff himself.

"Under the original lease given, defendant was to have a building 15x40, and was to pay $80.00 per month rent. By subsequent agreement, the defendant acquired a lease for a building 60 feet in length and, as the plaintiff contends, 15 feet in width, while the defendant contends that the lease should be for a building 20x60.

"The lease was drawn up by Mr. Charlton Lyons, a notary public and lawyer, in his Shreveport office, and as actually drawn, calls for a building 20x60. As actually constructed, the building occupied by Campbell is only 15 feet in width. Some time after the lease was drawn, the plaintiff discovered that instead of specifying a width of 15 feet, the lease specified a width of 20 feet. Accordingly, Mr. Thomas called on Mr. Campbell to permit a correction of the lease. Mr. Campbell declined and this lawsuit is the result.

"The question of fact to be determined is whether or not the lease as drawn represented the agreement of the parties.

"The plaintiff, Thomas, testifies positively that he leased Campbell only 15 feet. The building as constructed is actually 15 feet. If Mr. Campbell had an agreement with Mr. Thomas to build a store 20x60, it is rather strange that he would be satisfied with a store 15x60; and it is also strange that he would be ignorant of the fact that his store lacked five feet being as wide as his trade calls for. It also would seem to be quite remarkable that the plaintiff would expect $140.00 per month rent from Goldman for a store precisely the size of that which Campbell claims he is entitled to under his lease and for which he pays $100.00 per month. Undoubtedly, in the negotiations between Thomas and Campbell, there was a good deal of discussion in which the words 'twenty feet' were used, because, according to Mr. Thomas' testimony, he was to give Campbell 20 feet additional on the rear, and as a matter of fact, did give him 20 feet additional and increased from $80.00 per month to $100.00 per month, his rent for a larger building. Campbell admits in his testimony that he did not know that he was entitled to more space until his attention was called to the fact by plaintiff's son by way of a request for a correction of the lease contract.

"A Mr. Palmer and Mr. Moore, contractor, who constructed the building, support Campbell in his contention that his lease, according to the contract, was to be a store 20 feet in width. The Court is very definitely of the opinion that if these witnesses heard any talk or discussion between Thomas and Campbell which they construed as being an agreement on his part to give the defendant a store 20 feet in width, same resulted from a misinterpretation or misunderstanding of the real contract. As we have already indicated, according to Mr. Thomas' testimony, the store was to be 15 feet in width and 60 feet in length. These witnesses probably heard the use of the word 'twenty' when Mr. Thomas explained to Campbell that he would give him 20 feet additional on the rear. We might add here that if Mr. Moore, the contractor, heard plaintiff and Campbell enter into an agreement for a 20-foot store, it seems very strange that in building the store he did not conform it to what he claims he knew the contract was. Let it be remembered that Campbell's store is separated from that of Goldman on the north and that of Thomas on the south by party walls, and Campbell occupied the building as constructed, without objection until he was advised by the plaintiff himself, or the plaintiff's son, that, as drawn, his lease calls for 20 feet instead of 15. The testimony of the defendant and his witnesses is unreasonable, contrary to all the accompanying circumstances and is unconvincing. In other words, the defendant's testimony does not make sense."

The following judgment was rendered by the lower court:

"This cause, coming up for trial, after issue joined, and being taken up in its regular order, evidence adduced and closed, and the Court being of the opinion that the law and the evidence is in favor of plaintiff and against the defendant, for reasons orally assigned,—

"It is ordered, adjudged and decreed that there be judgment in favor of J. H. M. Thomas, plaintiff, and against Oscar O. Campbell, defendant, correcting and reforming that certain lease, dated January 3, 1936, recorded in Book 346, page 90, of the Conveyance Records of Caddo Parish, Louisiana, so as to read and cover property described as follows, to-wit:

"North Ten (10) feet of Lot Seven (7) and South Five (5) feet of Lot Six (6), with a distance and depth of seventy (70) feet from West Front Street in Block Six (6), Townsite of Rodessa, Section 23, Township 23 North, Range 16 West, Caddo Parish, La., together with a brick building 15 feet by 60 feet located thereon;
and that in all other respects, terms and conditions, the said lease be, and it is hereby ordered to remain in full force and effect.

"It is further ordered, adjudged and decreed that the defendant, Oscar O. Campbell, pay all costs of this suit."

After the lower court found for plaintiff, the following stipulations were made by counsel, and which account for the judgment not conforming with the pleadings:

The lease that plaintiff sued to reform described the property as follows: South 10 feet of lot 7 and north 10 feet of lot 6, with a depth of 70 feet.

This description upon its face is erroneous and is admitted to be an error. Lot 6 lies north of lot 7; each lot is 25 feet by 70 feet. If this description were followed, defendant would have a lease on 10 feet by 70 feet on the north side of the 50x70 plot, and 10 feet by 70 feet on the south side of the same plot, with 30 feet by 70 feet between the two 10-foot leases called for in the lease, and therefore he would not be

occupying any part of building or lots the lease calls for, for the reason that the building is cut up into three stores,—one 20 feet in width on the north side; one 15 feet in width on the south side; and one 15 feet in width in the middle, which is the one defendant is occupying.

We call attention to this glaring error for the purpose of showing the likelihood of other errors in the lease, as well as to correct the opinion of the lower court, wherein it said the lease called for a building 20 feet by 60 feet. The only construction possible to put upon the lease, as drawn, would be that it called for two buildings, each 10 feet by 60, and separated by 30 feet, which is not contended for by defendant. The case is purely one of fact, and the lower court in its opinion shows clearly it had no doubt as to the correctness of its findings. In such cases, unless the record discloses manifest error, we will not disturb the finding of the lower court. The record fails to disclose any manifest error as to facts found, and we are of the opinion the lower court is correct, and fully agree with its findings.

The judgment appealed from is affirmed, with costs.